UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

PERRY TEOLIS,

    Plaintiff,

v.

CITY OF WARREN,

    Defendant.
_____/

Case No. 22-cv-
Hon.

ERIC STEMPIEN (P58703)
STEMPIEN LAW, PLLC
Attorneys for Plaintiff
38701 Seven Mile Rd., Suite 130
Livonia, MI 48152
(734)744-7002
eric@stempien.com
_____/

## COMPLAINT AND JURY DEMAND

Plaintiff, Perry Teolis, by and through his attorneys, Stempien Law, PLLC, hereby complains against Defendant City of Warren, and in support thereof states:

1. Plaintiff Perry Teolis ("Teolis" or "Plaintiff") is a sworn police officer for the City of Warren, located in the County of Macomb, State of Michigan.

2. Defendant City of Warren ("Warren" or "Defendant") is a political subdivision of the State of Michigan.

3. Jurisdiction is vested with this Court pursuant to 28 USC §1331 and 42 USC §12101, et. seq.

1

4. On or about September 29, 2021, Teolis filed a Charge of Discrimination with the Michigan Department of Civil Rights (MDCR); the MDCR sent the Charge of Discrimination to the Equal Employment Opportunity Commission (EEOC).

5. On or about July 1, 2022, the EEOC issued a Right to Sue letter to Teolis.

## GENERAL ALLEGATIONS

6. Teolis is employed as a Police Officer with the City of Warren.

7. Teolis began his employment with the Warren Police Department in 2012.

8. Teolis suffers from a language impairment that causes some difficulty with his ability to read and retain information when he is taking a timed examination.

9. Teolis' impairment and disability affects his ability to read and retain the test information when he is reading the written text; if the written text is read to him verbally, he becomes far more proficient in his test taking.

10. On or about February 5, 2021, Teolis applied for a Corporal/Detective position within the Warren Police Department.

11. The process to become a Corporal/Detective within Warren Police Department involves two stages: (1) a written examination and (2) a verbal interview with command officers.

12. The written examination is administered by Empco International, a testing service company for public safety entities.

13. Beginning in February 2021, Teolis made several requests for accommodations on the testing procedure, based upon his disability.

14. The accommodation requests included: (1) additional time to take the test and (2) a test reader to verbally read the questions to Teolis.

15. The Defendant refused to provide Teolis with the accommodation of a test reader.

16. Teolis failed to achieve the necessary score on the written examination to qualify for the Corporal/Detective position.

17. Teolis received a high score on the verbal interview with the command staff, however, because his written test score was below the threshold, he was deemed not qualified for the promotion.

18. Providing Teolis with a test reader would have been reasonable on its face.

19. Providing Teolis with a test reader would not have created an undue burden for the Defendant.

20. As a result of the Defendant's failure to accommodate Plaintiff's disability, he did not receive a promotion to the position that he was otherwise qualified.

## COUNT I
## VIOLATION OF ADA
## FAILURE TO ACCOMMODATE

21. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

22. Plaintiff was a qualified individual with a disability, as that term is defined by the Americans with Disabilities Act, and 42 USC §12101, et. seq. (as amended) ("ADA").

23. Plaintiff has a disability as that term is defined by the ADA.

24. Defendant was aware of Plaintiff's disability.

25. Plaintiff made a request for a reasonable accommodation under the ADA, by way of use of a test reader during the written examination for the Corporal/Detective position.

26. In addition to the requests above, Plaintiff indicated to Defendant that he was willing to engage in an interactive process regarding the structure, timing and other factor related to his requests for reasonable accommodation.

27. Such reasonable accommodations would not be an undue burden on Defendant.

28. Defendant has refused to grant Plaintiff's reasonable accommodation.

29. Defendant has refused to engage in an interactive process with Plaintiff.

30. As a direct and proximate result of Defendant's violation of the Americans with Disabilities Act, Plaintiff has suffered damages, including but not limited: loss of job position, lost past and future wages, lost past and future employment benefits, loss of earning capacity, emotional distress and attorney fees.

WHEREFORE, Plaintiff Perry Teolis prays that this Honorable Court enter judgment in his favor against Defendant City of Warren in an amount that this Court deems fair and just, plus costs, interest and attorney fees; and further order all declaratory and/or equitable relief available to him pursuant to the Americans with Disabilities Act and/or any other relief that this Court deems fair and just under the circumstances.

STEMPIEN LAW, PLLC

*/s/ Eric Stempien*
Eric Stempien (P58703)
Attorney for Plaintiff

Dated: September 26, 2022